UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| BECKHAM BARNES, | ) | |
| Petitioner, | ) ) ) | Civil No. 09-299-GFVT |
| V. | ) ) ) | **MEMORANDUM OPINION** |
| CLARK TAYLOR, Warden, | ) ) | **AND ORDER** |
| Respondent. | ) ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Respondent's Objections to the Magistrate Judge's Order granting the Petitioner leave to conduct limited discovery in this 28 U.S.C. § 2254 habeas corpus action.[1] [R. 35.] Relatedly, the Respondent has filed a Motion for Stay of Discovery Proceedings [R. 36] pending the Court's ruling on the objections. In response, the Petitioner has filed a Motion to Strike [R. 37] the Respondent's objections as untimely, arguing that the parties may not appeal interlocutory orders of the Magistrate Judge, but must instead confine their objections to the time period when the matter has been fully considered by the Magistrate Judge and a recommended disposition has been made. The Motion to Stay and the Motion to Strike have now been fully briefed and are ripe for the Court's review. For the reasons that follow, the Court agrees with the Petitioner that the Respondent's objections are premature. Accordingly, the objections will be denied without prejudice and stricken from the docket, and the Motion to Stay will be denied as moot.

---

[1] By Order [R. 32] entered March 29, 2011, the Magistrate Judge permitted the Petitioner to proceed with limited discovery in this case.

**I.**

Under 28 U.S.C. § 636(b), the district court may refer both pretrial matters and dispositive matters to a magistrate judge. *See United States v. Raddatz*, 447 U.S. 667, 673 (1980); *Callier v. Gray*, 167 F.3d 977, 980-81 (6th Cir. 1999); *Magee v. Rowland*, 764 F. Supp. 1375, 1376 (C.D. Cal. 1991). Section 636(b)(1)(A) authorizes the referral of nondispositive pretrial matters. It states that the district court may reconsider a referred pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 18 U.S.C. § 636(b)(1)(A). *See also* Fed. R. Civ. P. 72(a). Section 636(b)(1)(B) authorizes the referral of dispositive matters. With respect to dispositive issues, the magistrate judge does not make a final decision; rather, the magistrate judge provides a recommended disposition to the district court. 18 U.S.C. § 636(b)(1)(C). The parties have fourteen days to object to the magistrate judge's recommendation, and the district court reviews any matters objected to *de novo*. *Id*. *See also* Fed. R. Civ. P. 72(b)(1)-(2).

United States District Court for the Eastern District of Kentucky General Order 10-14 provides that all petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed with the Court shall be referred to a full-time magistrate judge. In his Response [R. 39] to the Motion to Strike, the Respondent suggests that this referral is made pursuant to 28 U.S.C. § 636(b)(1)(A). The Court agrees with the Petitioner, however, that this constitutes a referral of a dispositive matter pursuant to § 636(b)(1)(B). This section specifically authorizes a district judge to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of applications for posttrial relief made by individuals convicted of criminal offenses and of

2

prisoner petitions challenging conditions of confinement." 28 U.S.C. § 636(b)(1)(B).

## II.

The Court finds that interlocutory rulings made by a magistrate judge in a § 2254 proceeding referred pursuant to § 636(b)(1)(B), such as Magistrate Judge Smith's interlocutory discovery order in this case, are not subject to immediate review by the district court. Neither § 636(b)(1) nor Federal Rule of Civil Procedure 72(b) prescribes procedures for interlocutory appeals of orders issued by magistrate judges in habeas corpus proceedings referred for a recommended disposition. Additionally, Rule 72(b) provides in relevant part:

> A magistrate judge must promptly conduct the required proceedings when assigned . . . a prisoner petition challenging the conditions of confinement. A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings. The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact.

Fed. R. Civ. P. 72(b)(1). The language of this Rule suggests that a record of evidentiary proceedings must be made so that the district court can review those proceedings if necessary after the recommended disposition has been filed.

Further, allowing interlocutory appeals of interim discovery orders made in a § 2254 proceeding would frustrate the purpose of referring the entire case to a magistrate judge for a recommended disposition. *See Magee*, 764 F. Supp. at 1376. As noted by a district court in the Central District of California,

> [i]f discovery orders in such proceedings were subject to interlocutory review by the district court, other interlocutory rulings, such as the grant or denial of a motion to amend a pleading or for a more definite statement, denials of motions to dismiss or for summary judgment and the grant or denial of a motion for a continuance, all would be subject to interlocutory review by the district court.

*Id.* The Supreme Court has stated that Congress's "central purpose" for amending the Magistrate's Act in 1976 "was to authorize greater use of magistrates to assist federal judges in handling an ever-increasing caseload." *McCarthy v. Bronson*, 500 U.S. 136, 142 (1991) (citation and internal quotation marks omitted). Thus, it is consistent with the purpose of the Act to hold that interlocutory rulings of a magistrate judge in a § 2254 action are subject to review after the recommended disposition has been filed. *See Magee*, 764 F. Supp. at 1376-77.

Finally, in the instant case there is an additional reason to deny interim review of Magistrate Judge Smith's discovery order. In the Respondent's objections to that order, case law is cited that was not before the Magistrate Judge. Specifically, the Respondent cites *Cullen v. Pinholster*, --- U.S. --- , 131 S. Ct. 1388 (2011), a case decided by the Supreme Court on April 4, 2011, just days after Judge Smith entered the order permitting limited discovery. Therefore, it appears that Judge Smith should be given the opportunity to reconsider her order in light of this new case law.

## III.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Petitioner's Motion to Strike [R. 37] is **GRANTED**;

2. The Respondent's Objections [R. 35] to the Magistrate Judge's Order permitting limited discovery in this case are **DENIED WITHOUT PREJUDICE** and **STRICKEN** from the docket; and

3. The Respondent's Motion to Stay [R. 36] is **DENIED AS MOOT**.

This the 17th day of May, 2011.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge