UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL CASE NO. 09-299-GFVT-CJS

BECKHAM B. BARNES                                                PETITIONER

v.                                            **ORDER AND**
                                           **REPORT AND RECOMMENDATION**

CLARK TAYLOR, WARDEN                                RESPONDENT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Petitioner's Motion for Stay and Abeyance While Pursuing State Court Review (R. 110). The Respondent has filed his Response, and agrees that "this court should grant [Petitioner's] motion to stay and should hold his habeas petition in abeyance while he pursues his unexhausted claims in state court." (R. 114, at 5).

On September 6, 2013, this Court granted Petitioner's Motion to Amend his Habeas Petition and Motion to Expand the Record. (R. 106). On November 12, 2013, Petitioner filed an Amended Petition, which included new claims triggered by Respondent's disclosure of the fingerprint analysis of the gun found next to the victim. (R. 111). Simultaneously with the filing of the Amended Petition, Petitioner filed a Motion for Stay and Abeyance while Pursuing State Court Review, seeking to stay this matter while he returns to state court to exhaust his new claims as required under 28 U.S.C. § 2254(b)(1). (R. 110). As noted above, Respondent does not oppose the Motion for Stay and Abeyance.[1] (R. 114).

---

[1] While Respondent agrees to the stay and abeyance of this matter, in his Response to Petitioner's Motion for Stay (R. 114), he reserves his objections to the Court's underlying findings.

The Supreme Court, recognizing the Court's total exhaustion requirement posed a problem with the implementation of the one-year statute of limitations for federal habeas review, approved a stay and abeyance procedure in limited circumstances to provide a petitioner an opportunity to present the unexhausted claims to the state court and then return to federal court for review of the fully exhausted petition. *Rhines v. Weber*, 544 U.S. 269, 277-79 (2005). The Supreme Court held that a stay and abeyance is appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims in state court and finds that the unexhausted claims are not plainly meritless. *Id*. at 277.

The facts here support a stay. First, an outright dismissal of the Petition would jeopardize the timeliness of any future habeas petition. Second, Petitioner has asserted good cause for his failure to exhaust his new claims in state court because he asserts the evidence relevant to the new claims was first produced during the pending federal habeas proceedings. Petitioner filed the appropriate discovery and pretrial motions in state court requiring the Commonwealth to produce its evidence. (See R. 22-28, at 8, 12). Despite these filings, Petitioner asserts he was not provided the report in question until after he had pursued his state post-conviction remedies on other claims. Failure to exhaust claims pertaining to new evidence because it was not disclosed prior to proceeding to federal court constitutes good cause for failing to exhaust. *See Cook v. Anderson*, No. 1:96-cv-424, 2011 WL 6780869, at *3 (S.D. Ohio Dec. 22, 2011).

Petitioner's new claims are not plainly meritless. The state's case was based on a theory that Petitioner intentionally murdered the victim and staged the scene by, among other things, planting a gun near the victim that Petitioner, or a family member, had wiped clean of fingerprints. The fact that there is a report Petitioner could arguably use to contradict the Commonwealth's argument that

the gun had been wiped clean and to support Petitioner's theory that he acted in self defense supports a finding that his new claims are not plainly meritless. Therefore, the Court will grant Petitioner's request to stay further proceedings in this matter pending his exhaustion of his unexhausted claims.

For the reasons stated herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Petitioner's Motion for Stay and Abeyance While Pursing State Court Review (R. 110) is hereby **granted,** and this case is hereby **stayed.** The time for Respondent to Answer the Amended Petition will be reset upon the return of this matter to the active docket. The stay is conditioned on Petitioner presenting his new evidence and unexhausted claims to the state court within ninety (90) days of this Order staying the matter. The stay is further conditioned on Petitioner's return to this Court with a motion to reopen this action within sixty (60) days of fully exhausting his state remedies.

**IT IS RECOMMENDED** that the presiding District Judge order the Clerk of Court to close this case for administrative and statistical purposes only. The District Judge should note in his Order that nothing in the Order or in the related docket entry shall be considered a dismissal of this matter. The District Judge should further note that upon receipt of a motion to reopen the case, the Court will, by separate order, instruct the Clerk to reopen this case for administrative purposes.

The parties having waived the fourteen (14)-day period for filing Objections to the undersigned's Report and Recommendation that this matter be administratively closed while Petitioner returns to state court to exhaust his claims,[2] the Clerk of Court should forthwith submit the matter to the presiding District Judge.

---

[2]During the March 11, 2014, telephonic conference, counsel for both parties agreed to waive the period for filing objections to the Report and Recommendation. (*See* R. 115) (Audio File Number KYED-LON_6-09-cv-299-GFVT-CJS-20140311_135546).

Dated this 12th day of March, 2014.


Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\DATA\habeas petitions\2254 General\09-299 stay & admin close.wpd